# EXHIBIT A

# EXHIBIT A

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

GERHARDSON, ROBERT

## DEFENDANTS

BRANHAM, JEREMY; WOMER, MARK; THE STATE OF NEVADA DEPARTMENT OF CORRECTIONS

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF   CARSON CITY
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

JEFFREY A. DICKERSON
9655 GATEWAY DR., STE B
RENO, NV 89521
(775) 786-6664

ATTORNEYS (IF KNOWN)

JANET E. TRAUT
SENIOR DEPUTY ATTORNEY GENERAL
100 N. CARSON STREET
CARSON CITY, NV 89701-4717
(775) 684-1196

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties In item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

**CONTRACT**
- 110 Insurance
- 120 Marine
- 130 Miller Act
- 140 Negotiable Instrument
- 150 Recovery of Overpayment & Enforcement of Judgment
- 151 Medicare Act
- 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- 153 Recovery of Overpayment of Veteran's Benefits
- 160 Stockholder's Suits
- 190 Other Contract
- 195 Contract Product Liability
- 196 Franchise

**REAL PROPERTY**
- 210 Land Condemnation
- 220 Foreclosure
- 230 Rent Lease & Ejectment
- 240 Torts to Land
- 245 Tort Product Liability
- 290 All other Real Property

**TORTS**
Personal Injury
- 310 Airplane
- 315 Airplane Product Liability
- 320 Assault, Libel & Slander
- 330 Federal Employers' Liability
- 340 Marine
- 345 Marine Product Liability
- 350 Motor Vehicle
- 355 Motor Vehicle Product Liability
- 360 Other Personal Injury

Personal Injury
- 362 Personal Injury – Med. Malpractice
- 365 Personal Injury – Product Liability
- 368 Asbestos Personal Injury Product Liability

**Personal Property**
- 370 Other Fraud
- 371 Truth in Lending
- 380 Other Personal Property Damage
- 385 Property Damage Product Liability

**CIVIL RIGHTS**
- 441 Voting
- ☒ 442 Employment
- 443 Housing/Accommodations
- 444 Welfare
- 440 Other Civil Rights

**PRISONER PETITIONS**
- 510 Motions to Vacate Sentence
HABEAS CORPUS:
- 530 General
- 535 Death Penalty
- 540 Mandamus & Other
- 550 Civil Rights
- 555 Prison Condition

**FORFEITURE/PENALTY**
- 610 Agriculture
- 620 Other Food & Drug
- 625 Drug Related Seizure of Property 21 USC 881
- 630 Liquor Laws
- 640 R.R. & Truck
- 650 Airline Regs.
- 660 Occupational Safety/Health
- 690 Other

**LABOR**
- 710 Fair Labor Standards Act
- 720 Labor/Mgmt. Relations
- 730 Labor/Mgmt. Reporting & Disclosure Act
- 740 Railway Labor Act
- 790 Other Labor Litigation
- 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- 422 Appeal 28 USC 158
- 423 Withdrawal 25 USC 157

**PROPERTY RIGHTS**
- 820 Copyrights
- 830 Patent
- 840 Trademark

**SOCIAL SECURITY**
- 861 HIA (1395ff)
- 862 Black Lung (923)
- 863 DIWC/DIWW (405(g))
- 864 SSID Title XVI
- 865 RSI (405(g))

**FEDERAL TAX SUITS**
- 870 Taxes (U.S. Plaintiff or Defendant)
- 871 IRS – Third Party 26 USC 7609

**OTHER STATUTES**
- 400 State Reapportionment
- 410 Antitrust
- 430 Banks and Banking
- 450 Commerce/ICC Rates/etc.
- 460 Deportation
- 470 Racketeer Influenced and Corrupt Organizations
- 810 Selective Service
- 850 Securities/Commodities/Exchange
- 875 Customer Challenge 12 USC 3410
- 890 Other Statutory Actions
- 891 Agricultural Acts
- 892 Economic Stabilization Act
- 893 Environmental Matters
- 894 Energy Allocation Act
- 895 Freedom of Information Act
- 900 Appeal of Fee Determination Under Equal Access to Justice
- 950 Constitutionality of State Statutes

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellant Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

42 U.S.C. § 1983      First Amendment Retaliation

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A CLASS ACTION
☐ UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ YES ☒ NO

## VIII. RELATED CASE(S) IF ANY (See Instructions):

JUDGE _____    DOCKET NUMBER _____

DATE  4-30-10

SIGNATURE OF ATTORNEY OF RECORD  /s/ Janet E. Traut

# EXHIBIT B

EXHIBIT B

OFFICE OF THE ATTORNEY GENERAL
CARSON CITY, NEVADA

MAR 31 2010

BUREAU OF PUBLIC AFFAIRS
PUBLIC SAFETY DIVISION

CASE NO. 10 TRT 00023 1B

DEPT. NO. II

REC'D & FILED
2010 MAR 22 PM 3:13

ALAN GLOVER
BY M.K.
DEPUTY CLERK

FIRST JUDICIAL DISTRICT COURT FOR THE STATE OF NEVADA

IN AND FOR CARSON CITY

ROBERT GERHARDSON,

    Plaintiff,

vs.

JEREMY BRANUM, an individual, MARK WOMER, an individual, STATE OF NEVADA, ex. rel., ITS DEPARTMENT OF CORRECTIONS,

    Defendants.

COMPLAINT (EXEMPT FROM ARBITRATION: EQUITABLE RELIEF REQUESTED)

Plaintiff, for his complaint against Defendants, and each of them, jointly and severally, complains and avers as follows:

1. Plaintiff was employed by the State of Nevada, ex. rel., Its Department of Corrections.

2. The individual parties are employed by the Nevada Department of Corrections, or at least were on November 25, 2009.

3. The individual Defendants are sued in their individual capacities but were acting under color of state law and within the scope of their employment at the time.

4. On November 25, 2009, Plaintiff accidentally set off the radio alarm on his official radio from the parameter patrol at the institution at which he was working for the Department of Corrections.

5. Plaintiff was ordered to return to the gatehouse and proceeded to do so.

6. Upon arriving, Plaintiff was confronted by Defendants Womer and Branum, at

Jeffrey A. Dickerson, Esq.
9655 Gateway Dr., Suite B
Reno, NV 89521
(775) 786-6664

JAD/sh/gerhardson/complaint      1

gunpoint. Branum held the gun, pointed at Plaintiff. Womer ordered Branum to utilize the gun in this manner.

7. Plaintiff was visibly alone, well removed from the van in which he had been riding and was fully compliant. Neither Branum nor Womer had any reason or cause to believe that Plaintiff was a danger to them or others and there were no other persons present who might have filled that description either.

8. Plaintiff reasonably feared for his safety and perceived immediate harm of serious and deadly force at the time.

9. Plaintiff complied with commands to disarm himself under gunpoint.

10. During the incident, Plaintiff indicated that the weapon pointing was unnecessary, especially at him, that there was no danger, and that his alarm had been set off accidentally. Still, he remained at gunpoint. Plaintiff's protesting in this regard was protected activity under the First Amendment to the United States Constitution.

11. At the time, Womer was the Lieutenant on shift and due to the absence of a Warden or Associate Warden, he was the Acting Warden of the institution at the time.

12. The rationale given by Womer for the threat of deadly force was that it was procedure. This is a fallacious statement because the conduct of Womer and Branum is not part of any procedure, and in fact jeopardized the safety of Plaintiff and others.

13. Following the incident, Plaintiff protested the matter and sought an internal investigation against Womer and Branum. Plaintiff asked Womer if he should complete an incident report and Womer said no. this was protected speech by Plaintiff. Womer's order was prior restraint of Plaintiff's speech.

14. Thereafter, Plaintiff received discipline for a matter which he believed was a pretext for retaliation for his reporting this activity on the part of Branum and Womer.

15. As a result of the foregoing, Plaintiff has suffered past and future general damages, including emotional distress, mental anguish, harm to reputation, as well as special damages to be determined.

JAD/sh/gerhardson/complaint                 2

1    16.   The conduct of the individual Defendants was malicious, fraudulent and/or oppressive entitling Plaintiff to an award of punitive damages.

### FIRST CLAIM FOR RELIEF

17.   Plaintiff refers to and by such reference incorporates herein each, every and all averments contained in paragraphs 1-16 hereinabove as though fully set forth at this point.

18.   The conduct of the individual Defendants, later ratified by Defendant State of Nevada, was outrageous and intentional and/or reckless, designed serious emotional distress upon Plaintiff, and in fact did so, as evidenced by objective manifestations and medical and psychological diagnoses.

19.   As a proximate result of the outrageous conduct of the Defendants, Plaintiff has suffered and is entitled to the aforementioned damages.

### SECOND CLAIM FOR RELIEF

20.   Plaintiff refers to and by such reference incorporates herein each, every and all averments contained in paragraphs 1-19 hereinabove as though fully set forth at this point.

21.   The individual Defendants' conduct, as later ratified by Defendant State of Nevada, placed Plaintiff in reasonable apprehension of immediate harmful or offensive contact constituting the tort of assault.

22.   As a result of the assault, Plaintiff has suffered and is entitled to the aforementioned damages.

### THIRD CLAIM FOR RELIEF

23.   Plaintiff refers to and by such reference incorporates herein each, every and all averments contained in paragraphs 1-22 hereinabove as though fully set forth at this point.

24.   Defendants intentionally restricted the movement of Plaintiff and engaged in his asportation without his consent, justification or privilege.

25.   As a result of the false imprisonment of Plaintiff, Defendants are liable for the same damages.

/ / /

Jeffrey A. Dickerson, Esq.
9655 Gateway Dr., Suite B
Reno, NV. 89521
(775) 786-6664

## FOURTH CLAIM FOR RELIEF

26. Plaintiff refers to and by such reference incorporates herein each, every and all averments contained in paragraphs 1-25 hereinabove as though fully set forth at this point.

27. The conduct of the Defendants either constituted a seizure without probable cause of Plaintiff's person and without reasonable suspicion and/or constituted a seizure such the manner in which it was done that "shocked the conscience", rendering the individual Defendants liable pursuant to 42 U.S.C. §1983 for violation of Plaintiff's Fourth and/or Fourteenth Amendment rights to be free from unreasonable seizures under the Fourth Amendment to the United States Constitution and/or not to be deprived of liberty without due process of law (substantive due process) under the Fourteenth Amendment to the United States Constitution.

## FIFTH CLAIM FOR RELIEF

28. Plaintiff refers to and by such reference incorporates herein each, every and all averments contained in paragraphs 1-27 hereinabove as though fully set forth at this point.

29. Defendants State of Nevada and Womer failed to exercise reasonable care with respect to the training and supervision of Branum.

30. But for this negligence, Branum would not have been incompetent in and about the use of the firearm. Branum was incompetent in and about the use of the firearm.

31. As a proximate result of the negligence of Nevada and Womer, Plaintiff has suffered and is entitled to the aforementioned damages.

WHEREFORE, Plaintiff prays for judgment in his favor and against Defendants, jointly and severally, for all of the aforementioned relief, together with reasonable attorney's fees and costs of suit, and such other and further relief as the Court deems just and proper.

DATED ~~February~~ March 4, 2010

LAW OFFICE OF
JEFFREY A. DICKERSON

JEFFREY A. DICKERSON

JAD/sh/gerhardson/complaint

4

# Nevada Department of Corrections
# Civil Litigation Coordination Form 1

## "NOTICE TO ATTORNEY GENERAL REGARDING SERVICE OF PROCESS"

**INSTRUCTIONS:**
Complete the information required by this form and transmit promptly, with a copy of the Summons and Complaint, to the Office of the Attorney General, Litigation Division. The Department's activities related to receiving service of process are governed by the Administrative Regulation 357.

1.  General Information

    CASE NAME AND #: _Gerhardson v. Branum 10 TRT 000231 B_

    RECEIVED BY: _MARK WOMER'S wife was served at his_
    (Name and Title) _home on 4/11/10_

    DATE OF SERVICE: _4/11/10_ WHERE RECEIVED _at his home_

    DOCUMENTS ENCLOSED: ___ SUMMONS ___ COMPLAINT ___ OTHER ___

2.  SERVICE ACCEPTED FOR:

    Service of process was accepted for the following named defendants who are currently employed in the public service at the Department of Corrections as defined by NRS 284.015, or are immune contractors currently providing medical services to the Department as defined by NRS 41.0307. Each of these defendants has been provided with a copy of the Summons and Complaint, a form for requesting representation, and instructions on applicable deadlines.

    | NAME | TITLE | DUTY STATION |
    |---|---|---|
    | MARK WOMER | | |

3.  SERVICE NOT ACCEPTED FOR:

    Service was attempted but not accepted for the following defendants who are no longer employees, have never been employees, or are not identifiable.

    | NAME | FORMER TITLE | FORMER DUTY STATION |
    |---|---|---|
    | | | |

DOC-1032
8/07

# EXHIBIT C

# EXHIBIT C

No. 10 TRT 00023 1B

Dept. II

OFFICE OF THE ATTORNEY GENERAL
CARSON CITY, NEVADA

MAR 31 2010

BUREAU OF PUBLIC AFFAIRS
PUBLIC SAFETY DIVISION

## In the First Judicial District Court of the State of Nevada in and for Carson City

ROBERT GERHARDSON,

Plaintiff,

vs.

JEREMY BRANUM, an individual, MARK WOMER, an individual, THE STATE OF NEVADA, ex rel., ITS DEPARTMENT OF CORRECTIONS

Defendant.

SECOND ADDITIONAL SUMMONS

STATE OF NEVADA, ex rel., ITS DEPARTMENT OF CORRECTIONS

THE STATE OF NEVADA SENDS GREETINGS TO THE ABOVE-NAMED DEFENDANT:

**NOTICE! YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 20 DAYS. READ THE INFORMATION BELOW.**

TO THE DEFENDANT: A civil Complaint has been filed by the plaintiff against you.

1. If you wish to defend this lawsuit, you must, within 20 days after this Summons is served on you, exclusive of the day of service, file with this Court a written pleading in response to this Complaint.

2. Unless you respond, your default will be entered upon application of the plaintiff, and this Court may enter a judgment against you for the relief demanded in the Complaint*, which could result in the taking of money or property or the relief requested in the Complaint.

3. If you wish to seek the advice of an attorney in this matter, you should do so promptly so that your response may be filed on time.

4. You are required to serve your response upon plaintiff's attorney, whose address is

JEFFREY A. DICKERSON
9655 GATEWAY DR., SUITE B
RENO, NV 89521
(775) 786-6664

ALAN GLOVER
Clerk of Court

By _____ Deputy Clerk

Date March 22, 2010

*Note - When service by publication, insert a brief statement of the object of the action. See Rule 4.

**RETURN OF SERVICE ON REVERSE SIDE**

# AFFIDAVIT OF SERVICE
(For General Use)

STATE OF _____  
COUNTY OF _____  } SS.

_____, declares under penalty of perjury: That affiant is, and was on the day when he served the within Summons, over 18 years of age, and not a party to, nor interested in, the within action; that the affiant received the Summons on the _____ day of _____, 20 ___, and personally served the same upon _____ the within named defendant, on the _____ day of _____, 20 ___, by delivering to the said defendant, personally, in _____, County of _____, State of _____, a copy of the Summons attached to a copy of the Complaint.

I declare under penalty of perjury under the law of the State of Nevada that the foregoing is true and correct.

Executed this _____ day of _____, 20 ___.   _____
Signature of person making service

---

# NEVADA SHERIFF'S RETURN
(For Use of Sheriff of Carson City)

STATE OF NEVADA  
CARSON CITY  } SS.

I hereby certify and return that I received the within Summons on the _____ day of _____, 20 ___; and personally served the same upon _____, the within named defendant, on the _____ day of _____, 20 ___, by delivering to the said defendant, personally, in Carson City, State of Nevada, a copy of the Summons attached to a copy of the Complaint.

_____
Sheriff of Carson City, Nevada

Date: _____, 20 ___   By _____
Deputy

---

# AFFIDAVIT OF MAILING
(For Use When Service is by Publication and Mailing)

STATE OF NEVADA  
COUNTY OF _____ } SS.

_____, declares under penalty of perjury: That affiant is, and was when the herein described mailing took place, over 18 years of age, and not a party to, nor interested in, the within action; that on the _____ day of _____, 20 ___, affiant deposited in the Post Office at _____, Nevada, a copy of the within Summons attached to a copy of the Complaint, enclosed in a sealed envelope upon which first class postage was fully prepaid, addressed to _____, the within named defendant, at _____; that there is a regular communication by mail between the place of mailing and the place so addressed.

I declare under penalty of perjury under the law of the State of Nevada that the foregoing is true and correct.

Executed this _____ day of _____, 20 ___.

_____

NOTE -   If service is made in any manner permitted by Rule 4 other than personally upon the defendant, or is made outside the United States, a special affidavit or return must be made.

No. 10 TRT 00023 1B
Dept. II

*Mark WOMER — this wife was served this at home on 4/11/10*

## In the First Judicial District Court of the State of Nevada in and for Carson City

FIRST ADDITIONAL SUMMONS

ROBERT GERHARDSON,

    Plaintiff,

vs.

JEREMY BRANUM, an individual, MARK WOMER, an individual, THE STATE OF NEVADA, ex rel., ITS DEPARTMENT OF CORRECTIONS
    Defendant.

MARK WOMER — THE STATE OF NEVADA SENDS GREETINGS TO THE ABOVE-NAMED DEFENDANT:

**NOTICE! YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEIN[G] HEARD UNLESS YOU RESPOND WITHIN 20 DAYS. READ THE INFORMATION BELOW.**

TO THE DEFENDANT: A civil Complaint has been filed by the plaintiff against you.

1. If you wish to defend this lawsuit, you must, within 20 days after this Summons is served on you, exclusive of the day of servic[e] file with this Court a written pleading in response to this Complaint.

2. Unless you respond, your default will be entered upon application of the plaintiff, and this Court may enter a judgment against y[ou] for the relief demanded in the Complaint*, which could result in the taking of money or property or the relief requested in the Complai[nt].

3. If you wish to seek the advice of an attorney in this matter, you should do so promptly so that your response may be filed on tim[e].

4. You are required to serve your response upon plaintiff's attorney, whose address is

    JEFFREY A. DICKERSON
    9655 GATEWAY DR., SUITE B
    RENO, NV 89521
    (775) 786-6664

ALAN GLOVER
Clerk of Cour[t]
By J. KALB
Deputy Clerk

Date March 22, 2010

*Note - When service by publication, insert a brief statement of the object of the action. See Rule 4.

**RETURN OF SERVICE ON REVERSE SIDE**